

U.S. Department of Justice

United States Attorney
District of Connecticut

FILED
2004 NOV 10 P 3:24
U.S. DISTRICT COURT
HARTFORD, CT.

Connecticut Financial Center        (203)821-3700
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510        Fax (203) 773-5376

November 10, 2004

Robert G. Golger, Esq.
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825

    Re:    United States v. Sahar Fattah Kloub, aka "Carmen Torres"
            No. 3:03CR229 (RNC)

Dear Mr. Golger:

    This letter confirms the plea agreement entered into between your client, Sahar Fattah Kloub, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

    The defendant agrees to plead guilty to a two-count information charging her failure to depart and present for deportation in violation of Title 8 U.S.C. § 1253. She understands that to be guilty of these offenses the following essential elements of each offense must be satisfied:

Count One

    1.    That the defendant is an alien; and

    2.    That the defendant willfully failed to depart from the United States within 90 days from the date of entry of a final order of deportation.

Count Two

    1.    That the defendant is an alien; and

2.   That the defendant willfully failed to present herself for removal from the United States pursuant to a final order of deportation.

In addition, the Government would have to establish that the defendant was convicted of a crime of violence after her lawful admission to the United States in order for the maximum sentence to be 10 years in prison.

In consideration for the defendant's plea, should it be accepted by the Court, the Government will dismiss Count Two of the indictment in this case as it pertains to the defendant at the time of sentencing.

## THE PENALTIES

This offense carries a maximum penalty of 10 years imprisonment and a $250,000 fine. Moreover, any sentence of incarceration under this provision may also include a term of supervised release of up to three years. The defendant understands that should she violate any condition of the supervised release during its term, she may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

1.   Applicability

The parties agree that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The

defendant further understands that he has no right to withdraw her guilty plea if her sentence or the Guideline application is other than as she anticipated.

      2.      Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of her intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding her commission of the offense, of her criminal history, and of her financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning her involvement in the offense to which she is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw her plea of guilty. The defendant expressly understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

      2.      Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 37 to 46 months' imprisonment and a fine range of $7,500 to $75,000. The base offense level under U.S.S.G. § 2L1.2(a) is 8. Sixteen levels are added under U.S.S.G. § 2L1.2B(1)(A) for having been convicted of a crime of violence. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 21. A total offense level 21 with a criminal history category I, in which the parties calculate the defendant to be, results in a range of 37 to 46 months' imprisonment (sentencing table) and a fine range of $7,500 to $75,000 (U.S.S.G. § 5E1.2(c)(3))].

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that she will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the

Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

3. Waiver of Right to Appeal
or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances she is entitled to appeal her conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 46 months, a three-year term of supervised release, and a fine of $75,000 even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that she is knowingly and intelligently waiving her appellate rights.

**WAIVER OF RIGHTS**

Waiver of Right to Challenge Absence of Jury
Findings re Facts Used to Increase Sentence

The defendant understands that she may be able to argue under Appendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, __ S. Ct. __, 2004 WL 1402697 (U.S.Wash. Jun 24, 2004) (NO. 02-1632) that she had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could: 1) apply any mandatory minimum sentence prescribed by statute; 2) impose a sentence within a range permitted by a higher statutory maximum sentence resulting from a finding of such facts; and, 3) apply certain specific offense characteristics and other adjustments under the Sentencing Guidelines that may increase her Total Adjusted Offense Level and/or her Criminal History Category. The defendant further understands that she may be able to argue that any fact that increases the penalty for a crime beyond a prescribed level must be approved by a grand jury and submitted to a trial jury and proved beyond a reasonable doubt. The defendant knowingly and voluntarily waives her right to have or have had facts which may be relevant to the enhancement of her sentence submitted for findings by a grand jury or trial jury. Defendant expressly understands and agrees that such facts will be determined either by stipulation between the parties or by the Court upon a finding that the relevant facts have been established by reliable evidence, which may include hearsay evidence, and proven by a preponderance of the evidence. Defendant agrees to waive any challenge to imposition of her sentence pursuant to the Federal Sentencing Guidelines.

4

### Waiver of Right to Indictment

The defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that she is knowingly and intelligently waiving her right to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate herself, and the right to compulsory process for the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant further understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862, and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction. The defendant also understands that she will be subject to deportation following her service of any sentence imposed by the Court.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the violations alleged in the indictment and information in this case.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw her plea of guilty.

## NO OTHER PROMISES

Apart from any written Proffer Agreement, the defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that she has read the plea agreement letter or has had it read to or translated for her, that she has had ample time to discuss the agreement with counsel and that she fully understands and accepts its terms.

_____     10-9-04
Sahar Fattah Kloub                Date
The Defendant

I have thoroughly read and explained to, and reviewed with my client the plea agreement, and my client advises me that she understands and accepts its terms.

_____     11-09-04
Robert G. Golger, Esq.            Date
Attorney for the Defendant