# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

UNITED STATES OF AMERICA

v.

**CASE NO. 3:03CR229 (RNC)**

FILED
2005 FEB 16 P 2: 31
U.S. DISTRICT COURT
HARTFORD, CT.

**Sahar Fattah Kloub**
a/k/a Carmen Torres
Barrio San, Crisobal Frente
A La Iglesia Catoliac/.2B#8
Managua, Nicaragua C.A.

H. Gordon Hall, Assistant U.S. Attorney

Robert G. Golger
Defendant's Attorney

SSN:                DOB:

The defendant pled guilty to counts one and two of a substitute information after a plea of not guilty to an indictment. Accordingly, the defendant is adjudged guilty of counts one and two, which involve the following offenses:

Title & Section: 8 U.S.C. § 1253(a)(1)(A)         Count: one
Nature of Offense: Failure to Depart From the United States
Date Offense Concluded: May 7, 2001

Title & Section: 8 U.S.C. § 1253(a)(1)(D)         Count: two
Nature of Offense: Failure to Present Herself for Deportation From the United States
Date Offense Concluded: May 7, 2001

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby sentenced to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of 41 months on each of counts one and two. The sentence imposed on count two to run concurrently with the sentence imposed on count one. The court recommends to the Bureau of Prisons that payments toward the defendant's special assessment obligation be made through the Inmate Financial Responsibility Program. Upon release from custody, the defendant will be on supervised release for a term of 3 years with the following special condition: (1) if the defendant is deported, she will not reenter the United States without obtaining advance written permission of the United States Attorney General and without giving advance written notice to the United States Attorney's Office in Connecticut and the United States Probation Office in Connecticut.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the general conditions of supervised release set out on the reverse side are also imposed.

Count two of the indictment is dismissed on the oral motion of the United States.

The defendant will pay a special assessment of $100 for counts one and two, for a total special assessment of $200, which will be due immediately.

It is so ordered.

February 15, 2005
Date of Imposition of Sentence

Robert N. Chatigny, U.S.D.J   Date: February 15, 2005

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
Kevin F. Rowe, Clerk
BY: _____
   Deputy Clerk

## STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

---

**RETURN**

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By: _____
Deputy Marshal